UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SUSAN LEACH,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>JOHNSON & JOHNSON, JOHNSON & JOHNSON CONSUMER CO., INC., JOHNSON & JOHNSON CONSUMER LOGISTICS SERVICES, LLC, and WALGREEN CO.,<br><br>　　　　Defendants. | No. 18 CV 2095<br><br>Judge Manish S. Shah |

ORDER

Plaintiff's motion to remand [15] is granted. The Clerk is directed to remand this case to the Circuit Court of Cook County forthwith. Defendant Walgreens's motion to dismiss [9] is transferred to the Circuit Court of Cook County. Terminate civil case.

STATEMENT

From about 1980 to 2014, plaintiff Susan Leach purchased Johnson & Johnson products containing talcum powder for personal use in the perineal area. [1-1] ¶ 2.[1] Leach applied these products, which she bought at Walgreens stores, every day until she was diagnosed with ovarian cancer in 2014. *Id.* ¶¶ 2, 31. Leach now alleges that defendants' actions—in manufacturing, marketing, and selling talcum-powder products—resulted in her ovarian cancer. Leach initially filed this lawsuit in February 2018 in the Circuit Court of Cook County, bringing claims against Johnson & Johnson and Walgreens for strict liability, negligence, breach of express and implied warranties, negligent and intentional misrepresentation, fraudulent concealment, and under the Illinois Consumer Fraud Protection Act. Johnson & Johnson removed the case on the basis of diversity jurisdiction, and Leach moves to remand. Both Leach and Walgreens are citizens of Illinois, but Johnson & Johnson argues that Leach fraudulently joined Walgreens to defeat diversity jurisdiction, and so Walgreens's citizenship can be ignored.

---

[1] Bracketed numbers refer to entries on the district court docket.

A state claim may be removed to the federal district court located in the place where the state action is pending, as long as the federal district court had original jurisdiction and Congress has not expressly provided otherwise. 28 U.S.C. § 1441(a). "The party seeking removal bears the burden of proving the propriety of removal; doubts regarding removal are resolved in favor of the plaintiff's choice of forum in state court." *Morris v. Nuzzo*, 718 F.3d 660, 668 (7th Cir. 2013).

Under the fraudulent-joinder doctrine, a plaintiff cannot defeat an out-of-state defendant's right of removal premised on diversity by joining a nondiverse defendant against whom the plaintiff has no chance of success. *Id.* at 666. To establish fraudulent joinder, the defendant "bear[s] a heavy burden" and must demonstrate that "after resolving all issues of fact and law in favor of the plaintiff, the plaintiff cannot establish a cause of action against the in-state defendant." *Poulos v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992). If the defendant can show that the plaintiff has no chance of success against the in-state defendant, then its presence does not defeat diversity jurisdiction. *Id.*

Johnson & Johnson argues that Leach has no chance of prevailing on a claim against Walgreens. In Illinois, "an injured consumer may bring allegations of strict product liability against all entities in the distributive chain, including the product's manufacturer, supplier, wholesaler, retailer, and commercial lessor." *Chraca v. U.S. Battery Mfg. Co.*, 2014 IL App (1st) 132325 ¶ 4. There is, however, a seller's exception for "any product liability action based in whole or in part on the doctrine of strict liability in tort commenced or maintained against a defendant or defendants other than the manufacturer." 735 ILCS 5/2-621(a).[2] Pursuant to this exception, courts dismiss a strict-liability claim against a nonmanufacturing defendant who certifies the correct identity of the manufacturer of the product at issue. *Id.*; *Murphy v. Mancari's Chrysler Plymouth, Inc.*, 381 Ill.App.3d 768, 770 (1st Dist. 2008). But courts do not dismiss the claim if the plaintiff can show that the defendant exercised significant control over the design or manufacture of the product, provided instructions or warnings to the manufacturer relative to the alleged defect, had actual knowledge about the defect, or created the defect. 735 ILCS 5/2-621(c).

Walgreens, Johnson & Johnson argues, was merely a pass-through retailer and therefore qualifies for the seller's exception and cannot be held liable for selling Johnson & Johnson talcum-based products. But Leach alleges that Walgreens was more than an average retailer—asserting that it and Johnson & Johnson jointly analyzed, assessed, and strategized the marketing of Johnson & Johnson products

---

[2] The Illinois Supreme Court struck down the amended version of 735 ILCS 5/2-621, in its entirety, in *Best v. Taylor Machine Works*, 179 Ill.2d 367 (1997). Therefore, the version of § 2-621 in effect prior to the 1995 amendments applies. *See Hurst v. Capital Cities Media, Inc.*, 323 Ill.App.3d 812, 822 (5th Dist. 2001).

2

in Walgreens stores. [1-1] ¶ 29. She further alleges that the two companies jointly evaluated, assessed, and discussed the safety, efficacy, and suitability of the products. *Id.* ¶ 30. Viewing all issues of fact and law in Leach's favor, Johnson & Johnson has failed to establish that there is no chance that Leach will prevail on a strict-liability claim against Walgreens.

Moreover, the seller's exception in 735 ILCS 5/2-261 applies only to strict liability claims, and Leach brings seven other claims against Walgreens. Johnson & Johnson makes general objections to these additional claims, arguing that Leach does not allege that Walgreens manufactured, packaged, or altered the products, or that it was at fault in any way. Johnson & Johnson also points out that all of the claims against Walgreens are virtually identical to those against it. Even so, Leach alleges that Walgreens worked with Johnson & Johnson to assess the safety of the products and also advertised the products as being safe for anticipated uses. Based on the allegations in her complaint, Leach may be able to prevail on at least one of these claims against Walgreens. Because Johnson & Johnson has not met its burden of establishing that, viewing questions of law and fact in Leach's favor, she has no chance of success on any of her claims against Walgreens, this court lacks subject-matter jurisdiction and Leach's motion to remand is granted.

ENTER:

Manish S. Shah
United States District Judge

Date: June 26, 2018

3